UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDSAY OLSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 25-CV-3840 (BAH) |
| | : | |
| LAW OFFICE OF KIRA A. WEST, et. al, | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS' REPLY TO PLAINTIFF'S
### OPPOSITON TO MOTION TO DISMISS COMPLAINT

Defendants, the Law Office of Kira West and Kira West (together, "Defendants" or "Ms. West"), through undersigned counsel, respectfully submit this Reply to Plaintiff Lindsay Olson's Opposition to Motion to Dismiss the Complaint.

As noted in Defendants' motion to dismiss, this case involves substantially identical allegations as other cases pending before this Court, including *Lindsay Olson v. Brand Woodward Law LLP*, 1:25-cv-3875 (D.D.C.).[1] The defendants in the *Brand Woodward* case ("Brand Woodward") have moved to dismiss the Complaint with prejudice. *See Olson v. Brand Woodward Law LLP*, 1:25-cv-3875 (D.D.C.), (Dkt. 9), Motion to Dismiss (Dec. 8, 2025). Plaintiff filed her opposition to that motion and, on January 20, 2026, the defendants filed their reply. *See* Dkts. 16 (Plaintiff's Opposition) & 17 (defendants' Reply). Because the issues are substantially the same in both cases, Ms. West respectfully incorporates Brand Woodward's reply brief *in toto* here. *See*

---

[1] As discussed in Ms. West's Motion to Dismiss, the material differences between the two cases are the number of times the defendants are alleged to have attached the Report to motions to transfer venue (Brand Woodward attached the report once; Ms. West three times) and the dates of the filings of those motions.

Ex A (Brand Woodward's reply brief).  The Court should grant Ms. West's reply for the same reasons contained therein.[2]

| | |
|---|---|
| Dated: February 9, 2026 | Respectfully submitted, |
| | |
| | /s/ Jonathan Jeffress |
| | Jonathan Jeffress (D.C. Bar No. 479074) |
| | 1099 14th St. NW, 8th Floor West |
| | Washington, D.C. 20005 |
| | Phone: (202) 640-2850 |
| | Fax: (202) 280-1034 |
| | jjeffress@kaiserlaw.com |
| | |
| | *Counsel for Defendants* |

---

[2] Defendants also emphasize that Plaintiff's Opposition reflects a profound misunderstanding of the federal criminal justice system, including the practical mechanics of PACER.  Anyone with a PACER account can easily search criminal case dockets, including by the name of the defendant, the name of the lawyer, and, most importantly here, the kind of case based on the criminal statutes charged.  Here, for example, a simple search for the statutes J6 defendants were commonly charged with—e.g., civil disorder (18 U.S.C. § 231(a)(3)), assault on a federal officer (18 U.S.C. § 111(a)), obstruction of an official proceeding (18 U.S.C. § 1512) —would have led plaintiff to the dockets for any and all J6 cases.  Lawyers and judges use PACER in this manner every day.  Plaintiff elected to involve herself in a system she was not familiar with and did not understand – the blame for that decision does not fall on Ms. West.

2

**<u>CERTIFICATE OF SERVICE</u>**

On this Monday, February 9, 2026, a copy of the foregoing was served on counsel of record for the plaintiff via ECF.

<u>*/s/ Jonathan Jeffress*</u>
Jonathan Jeffress
*Counsel for Defendants*