**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LINDSAY OLSON,

               *Plaintiff*,

vs.

LAW OFFICES OF KIRA ANNE WEST, et. al.,

               *Defendants*.

**1:25-cv-03840-BAH**

**PLAINTIFF'S RESPONSE TO MARCH 12, 2026 ORDER TO SHOW CAUSE**

Pursuant to the Court's March 12, 2026 Minute Order directing the parties to show cause why three related actions should not be consolidated under Fed. R. Civ. P. 42(a), Plaintiff Lindsay Olson respectfully submits that she does not oppose consolidation of these actions for purposes of discovery and dispositive motions. Plaintiff respectfully requests, however, that the Court reserves the question of trial consolidation to a pre-trial status conference, and that any consolidation order expressly preserve Plaintiff's right to separate trials and independent damages determinations as to each group of separate defendants. This same response is being filed in all three (3) actions as directed by the Court.

**I. BACKGROUND**

Plaintiff Lindsay Olson is the author and copyright owner of a report she created in April 2022 (the "Report") and sold to criminal defense attorneys for use in support of venue transfer motions in January 6-related federal criminal cases. Olson filed three separate copyright infringement actions: (1) *Olson v. Brand Woodward Law, L.P., et. al.,* No. 25-cv-3875 (the "Woodward Action"); (2) *Olson v. Law Offices of Kira Anne West*, *et. al.,* No. 25-cv-3840 (the "West Action"); and (3) *Olson v. Law Offices of Paul Garrity*, *et. al.,* No. 25-cv-4231 (the

1

"Garrity Action") (collectively, the "Related Actions"). All defendants have appeared and responded to the complaint by filing motions to dismiss, and all motions have been fully briefed.

Because the Report was registered more than three months after first publication (first publication on April 15, 2022 and registration on December 8, 2022), 17 U.S.C. § 412 precludes an award of statutory damages or attorney's fees. Plaintiff therefore seeks actual damages and each defendant's profits attributable to the infringement under 17 U.S.C. § 504(b).  However, discovery is necessary to show whether there were separate acts of infringement that accrued after registration triggering statutory damages. Each defendant is alleged to have independently infringed Plaintiff's copyright in the Report — at a different time, in a different underlying J6 criminal case, for separate commercial purposes, and causing separate and distinct unauthorized public displays and distribution of Plaintiff's Report.

The Woodward Defendants, Garrity Defendants and West Defendants did not act in in concert, are not jointly and severally liable, and each separate group faces a separate and independent damages determination.  In other words, complete consolidation of the Related Actions may result in jury confusion and unfairly prejudice Plaintiff's damages.  Plaintiff estimates that trial for each of the separate Related Cases will require about one day per Action, mooting the need to consolidate for trial based on time and expense consideration of the parties.

As is demonstrated here, full consolidation is respectfully not warranted.

## II. LEGAL STANDARD

Fed. R. Civ. P. 42(a) permits consolidation of actions involving "a common question of law or fact" when doing so serves convenience and judicial economy. This Court has found that "In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal

2

questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *See Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Rsrv. Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011).

Consolidation is not an all-or-nothing proposition — courts regularly consolidate cases for pretrial purposes while preserving separate trials where a joint trial would risk prejudice. *See e.g., Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (noting that "efficiency cannot be permitted to prevail at the expense of justice—consolidation should be considered when 'savings of expense and gains of efficiency can be accomplished *without sacrifice of justice'"*). The court has broad discretion in deciding whether to consolidate actions before it that involve "common question[s] of law or fact." *See* Fed. R. Civ. P. 42(a); *Biochem Pharma, Inc. v. Emory Univ.,* 148 F.Supp.2d 11, 13 (D.D.C.2001).

"[C]onsolidation is a purely ministerial act which ... relieves the parties and the Court of the burden of duplicative pleadings and Court orders." *See New York v. Microsoft Corp.,* 209 F.Supp.2d 132, 148 (D.D.C.2002). "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *See Clayton v. D.C.,* 36 F. Supp. 3d 91, 93 (D.D.C. 2014) (noting that each action requires a separate judgment be entered).

## III. ARGUMENT

### A. Plaintiff Does Not Oppose Consolidation for Discovery and Dispositive Motions

The Related Actions share a sufficient common core to justify consolidating pretrial proceedings. All three cases involve the same copyrighted work (the April 2022 Report), the same author (Plaintiff) and copyright owner (Plaintiff), the same USCO registration, and the

3

same threshold legal questions of copyrightability and infringement under the Copyright Act. Consolidating discovery will eliminate duplicative depositions of Plaintiff, avoid duplicative challenges to ownership and copyrightability, and conserve the resources of the parties and the Court. Plaintiff therefore does <u>not</u> oppose consolidation of the Related Actions for all purposes for discovery and for briefing on any dispositive motions.

**B. The Court Should Reserve the Question of Trial Consolidation**

While Plaintiff does not oppose pretrial consolidation, the question of whether these actions should proceed to a joint trial raises distinct considerations that are not yet ripe for resolution and that Plaintiff respectfully requests the Court defer to a later scheduling conference.

Because statutory damages are most likely unavailable under 17 U.S.C. § 412 here based without full discovery, Plaintiff's recovery depends on proof of actual damages and each defendant's profits attributable to infringement under 17 U.S.C. § 504(b). This damages framework is inherently individualized and defendant-specific in ways that make joint trial problematic, confusing and likely to depress damages.

Actual damages under § 504(b) require proof of the market value of what each defendant should have paid to license the Report — that is, the fair market license fee for the particular use each defendant made of the Report, in connection with the particular underlying J6 criminal case each defendant handled, at the particular time of the infringement. The lost licensing fee attributable to one defendant's infringement is a separate question of fact from the lost licensing fee attributable to another's infringement.

Similarly, Plaintiff's claim for each defendant's profits under § 504(b) requires defendant-specific proof. Under § 504(b), the plaintiff need only establish the infringer's gross revenue, after which the burden shifts to the defendant to prove deductible expenses and the

4

portion of profits not attributable to the copyrighted work. *See* 17 U.S.C. § 504(b). This burden-shifting analysis must be conducted separately for each defendant, based on each defendant's own billing records, fee arrangements, client matters, and financial circumstances. Presenting three separate profits analyses — for three different law firms and their principals, in three different cases — in a single consolidated trial substantially increases the risk that the jury will conflate the evidence or average the figures across defendants rather than conducting the independent analysis the statute requires for each.

The Report was registered on December 8, 2022. See ECF 1 at ¶82 of the *Woodward* Action. The Woodward Defendants pirated the Report on June 3, 2022 and are only likely liable for actual copyright damages.  Because the Garrity Defendants pirated the Report on December 6, 2022, they are only likely liable for actual damages as well. The West Defendants are likely liable for actual damages based on the timing of the registration of the Plaintiff's Report and three independent acts of infringement on July 18, 2022, August 8, 2022, and November 18, 2022. See ECF 1 at ¶31 of the *West* Action.

Additionally, each Defendant has also alleged statute of limitations defenses, with each defendant in the Related Actions bearing the burden of proof on this defense, and causing likely juror confusion to the prejudice of Plaintiff.

The complaints in the Related Actions do not allege that any defendant coordinated its conduct with the other defendants. No defendant shared a license or authorization with the others, and none are jointly and severally liable with the other defendants in the Related Actions. These individualized factual determinations for specific acts of infringement and separate damages awards per unauthorized use are not amenable to efficient joint resolution at trial and risk juror confusion if presented together. Jurors presented with three sets of defendants, three

5

separate infringement timelines, and three separate damages analyses face a meaningful risk of conflating the evidence on damages across defendants rather than assessing each independently — all to Plaintiff's prejudice especially in light of there being no evidence of coordination or any of the Defendants in the Related Actions having acted in concert.

Courts have denied consolidation for trial precisely in this circumstance. See *Curry v. American Standard*, Nos. 7:08-CV-10228, 7:07-CV-4771, 2010 WL 6501559, at *2 (S.D.N.Y. Dec. 13, 2010) (denying consolidation where defendants were likely to assert dissimilar defenses requiring presentation of different evidence in each casePlaintiff respectfully submits that the trial consolidation issue is not ripe and is more appropriately addressed at a pre-trial conference once the parties and the Court have the benefit of a developed factual record.

### C. Plaintiff's Position on Consolidation

Plaintiff respectfully does not oppose an order that:

(1) Consolidates the Related Actions for all purposes through the close of discovery and for a single deposition of Plaintiff;

(2) Consolidates briefing on any motions for summary judgment, other dispositive motions, and pre-trial motions with a single coordinated briefing schedule;

(3) Expressly reserves the question of trial consolidation to pre-trial or a status conference; and

(4) Preserves Plaintiff's right to request separate trials, or in the alternative a bifurcated damages phase, to protect her rights under 17 U.S.C. § 504(b).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff does not oppose consolidation of the Related Actions for discovery and dispositive motions, and respectfully requests that the Court reserve the

6

question of trial consolidation to a later scheduling conference, with Plaintiff's right to seek separate trials and independent actual damages determinations expressly preserved.

Dated: March 23, 2026

Respectfully submitted,

**JAMES H. BARTOLOMEI, III P.A.**

By: */s/ James H. Bartolomei*
James Bartolomei Esq.
Of Counsel at Duncan Firm, P.A.
809 W. 3rd Street
Little Rock, Arkansas 72201
501-228-7600 phone
james@duncanfirm.com

*Attorneys for Plaintiff Lindsay Olson*