**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDSAY OLSON,<br><br>*Plaintiff,*<br><br>v.<br><br>LAW OFFICES OF KIRA ANNE WEST and KIRA ANNE WEST,<br><br>*Defendants.* | Civil Action No. 25-3840 (BAH)<br><br>Judge Beryl A. Howell<br><br>(LEAD CASE FOR FILING) |
| LINDSAY OLSON,<br><br>*Plaintiff,*<br><br>v.<br><br>BRAND WOODWARD LAW, L.P., and STANLEY E. WOODWARD, JR.,<br><br>*Defendants.* | Civil Action No. 25-3875 (BAH)<br><br>Judge Beryl A. Howell |
| LINDSAY OLSON,<br><br>*Plaintiff,*<br><br>v.<br><br>LAW OFFICES OF PAUL GARRITY and PAUL J. GARRITY,<br><br>*Defendants.* | Civil Action No. 25-4231 (BAH)<br><br>Judge Beryl A. Howell |

**JOINT RULE 26(f) AND LCvR 16.3 REPORT**

Pursuant to this Court's Order of May 25, 2026 (ECF No. 21 in No. 25-cv-3875), and

Fed. R. Civ. P. 16(b) and 26(f) and LCvR 16.3, Plaintiff Lindsay Olson and Defendants LAW

1

OFFICES OF KIRA ANNE WEST, KIRA ANNE WEST, BRAND WOODWARD LAW, L.P., STANLEY E. WOODWARD, JR., LAW OFFICES OF PAUL GARRITY, and PAUL J. GARRITY (collectively, the "Parties") hereby jointly submit this Rule 26(f) Conference Report and proposed scheduling order. As required by the Court's Order, the parties conferred on June 3, 2026 via Zoom.

## 1.    NATURE OF CLAIMS AND DEFENSES

***Plaintiff's Statement:*** Plaintiff's claims arise from each Defendants' infringement of Plaintiff's copyrighted April 2022 Report under 17 U.S.C. § 501 et seq. Defendants, as defense counsel in various criminal cases related to January 6, 2021, copied and redistributed Plaintiff's copyrighted Report without authorization or payment of fair market value in connection with venue-transfer motions in those J6 cases, exploiting Plaintiff's Report for the very same purpose the Report was created.  Plaintiff incurred over $100,000 to create the Report, the requesting attorneys paid Plaintiff $30,000 for the use of the Report and the Report had a secondary market for other J6 defense lawyers to use the Report in support of venue transfer motions.  For example, Plaintiff sold a license to use the Report for $25,000 to Aubrey Webb, a defense lawyer representing a J6 defendant. Plaintiff seeks statutory and/or actual damages, attorneys' fees and costs, and injunctive relief, depending on the timing of the registration and the infringement by each Defendant.

***Defendants' Statement:***  Defendants Brand Woodward Law, L.P., Stanley E. Woodward Jr., Law Offices of Kira Anne West, and Kira Anne West (hereinafter, "Woodward and West Defendants") assert that Plaintiff's sole claim against the Woodward and West Defendants is barred by the statute of limitations. Further, the Woodward and West Defendants assert that their use of the Report was allowed under fair use as outlined in 17 U.S.C. § 107. The Woodward and

West Defendants anticipate this action can be resolved in the Woodward and West Defendants' favor without trial via summary judgment on any of those asserted grounds. To the extent Plaintiff succeeds on her claim, the Woodward and West Defendants state that Plaintiff is limited to actual damages rather than statutory damages, and that Plaintiff will be unable to prove anything beyond nominal damages against the Woodward Defendants.

***Defendants Law Office of Paul Garrity and Paul Garrity:*** Plaintiff Lindsay Olson claims a copyright violation in a criminal defense attorney's use of a publicly available document filed on this Court's docket and available on PACER to support a motion filed on behalf of his client in a separate proceeding. Litigation practices of this nature do not fall within the protections set forth in the Copyright Act. Plaintiff fully acknowledges that other criminal defense attorneys retained or appointed to represent other January 6th Defendants, and who were filing their own motions to transfer, had the right to freely summarize the contents of her report, and to refer the Judges in their respective cases to track down the report on the public docket; all without her permission. She takes issue with these Defendants including quotes from the report in a Motion to Transfer filed on their client's behalf and providing it to the Judge in that case as an exhibit thereto. First, her report setting out the factual results of a survey and study is not expressive material entitled to broad copyright protection. Second, even if it were, the non-commercial use in judicial proceedings of a publicly available informational document for which there was no impacted market constituted fair use.

## 2.    DISCOVERY PLAN

***Parties' Joint Proposal:*** The Parties' joint proposal contemplates Rule 26(a)(1) initial disclosures being exchanged within 14 days of entry of the Scheduling Order. Their joint proposal for a scheduling order is summarized as follows:

| Event: | Deadline: |
|---|---|
| Initial Disclosures (Fed. R. Civ. P. 26(a)(1)) | 14 days after entry of Scheduling Order |
| Expert Reports (party bearing burden on claim/defense) | August 2, 2026 |
| Rebuttal Expert Reports | September 2, 2026 |
| Expert Depositions Completed | October 23, 2026 |
| Completion of Fact Discovery | October 30, 2026 |
| Motion for Summary Judgment (party bearing burden files first) | November 20, 2026 |
| Opposition / Cross-Motions for Summary Judgment | December 18, 2026 |
| Reply in Support of Opening MSJ / Opposition to Cross-Motions | January 15, 2027 |
| Reply in Support of Cross-Motions | February 5, 2027 |
| Pretrial Conference | To be determined by the Court |
| Trial | Set by the Court |
|  |  |

**Note on MSJ Sequencing:** Because Plaintiff bears the burden of proof on copyright ownership and copying, Plaintiff will file the opening motion for summary judgment. Plaintiff takes the position that the cross-motion by Defendants shall be filed in one brief by all Defendants with their opposition brief. Replies and cross-motion oppositions will be briefed on the schedule set forth above.

*Defendants' Position:* Defendants take the position that each defendant will file their own cross-motion for summary judgment and opposition.  The parties did not discuss limiting each defendant to a singular consolidated cross-motion for summary judgment and opposition during the June 3, 2026, Zoom meet and confer. Defendants explicitly oppose any assertion that the consolidation of the three cases in this matter warrants consolidated summary judgment briefing.

4

**3.      LOCAL RULE 16.3 MATTERS**

**(a)      Dispositive Motions.**

Defendants' Motions to Dismiss were denied by Order dated May 25, 2026. The Parties agree that discovery should proceed upon entry of the Scheduling Order.

*Plaintiff's Position:* Plaintiff intends to file a motion for summary judgment at the conclusion of discovery on liability, reserving the measure of damages for trial which are a fact question. Only a trial on damages may be necessary.

*Defendants' Position:* The Woodward and West Defendants intend to file a cross-motion for summary judgment at the conclusion of discovery based on the statute of limitations, fair use, and lack of damages. The Garrity Defendants believe the matter is likely to be disposed of by summary judgment.

**(b)      Joinder of Parties / Amendment of Pleadings.**

The Parties agree that any amendment of the pleadings or joinder of additional parties shall be sought as promptly as possible after the relevant facts are known, consistent with Fed. R. Civ. P. 15.  None are known or needed at this time.

**(c)      Magistrate Judge for All Purposes.**

*Plaintiff's Position:* Plaintiff does not consent to trial before a Magistrate Judge.

*Defendants' Position:* Defendants do not consent to a trial before a Magistrate Judge.

**(d)      Settlement Prospects.**

*Plaintiff's Position:* Prior to filing these actions, Plaintiff made repeated attempts to resolve the claims, to no avail. Plaintiff remains willing to discuss resolution at any time and will agree to a referral of a Magistrate Judge as soon as possible.

***Defendants' Position:*** The Woodward and West Defendants dispute Plaintiff's contention that Plaintiff has made any attempt to resolve the claims against the Woodward and West Defendants. The Woodward and West Defendants acknowledge that Plaintiff made an initial demand that the Woodward and West Defendants pay a fee matching or exceeding Plaintiff's asserted damages number. The Woodward and West Defendants are willing to discuss resolution with Plaintiff with the understanding that Plaintiff will likely be limited to actual damages, faces significant challenges in proving anything beyond nominal damages as to the claim against the Woodward and West Defendants, and with the understanding that Plaintiff faces significant challenges in establishing liability against the Woodward and West Defendants due to fair use of Plaintiff's report and Plaintiff's belated filing of this action after the statute of limitations had expired.

The Garrity Defendants are open to discussions among counsel, and may not oppose a Magistrate referral if warranted.

**(e)      Alternative Dispute Resolution.**

The Parties do not oppose a settlement conference before the Court or a Magistrate Judge if the Court deems it appropriate.

**(f)      Dispositive Motions / Cross-Motions Schedule.**

The Parties propose the MSJ briefing schedule set forth in the table above in Section 2. The party bearing the burden of proof on the relevant claim or defense shall file the opening motion. Cross-motions shall be filed with the opposing party's opposition brief. Replies shall be filed as noted in the table.

***Defendants' Position:*** Defendants agree to Plaintiff's proposed briefing schedule. However, defendants reiterate their position that each defendant will file their own cross-motion for

6

summary judgment and opposition.  The parties did not discuss limiting each defendant to a singular consolidated cross-motion for summary judgment and opposition during the June 3, 2026, Zoom meet and confer. Defendants explicitly oppose any assertion that the consolidation of the three cases in this matter warrants consolidated summary judgment briefing.

**(g)      Initial Disclosures.**

The Parties agree to make Rule 26(a)(1) initial disclosures within 14 days of entry of the Scheduling Order. No modification of the form or scope of initial disclosures is sought.

**(h)      Scope and Limits of Discovery.**

The Parties propose that fact discovery close on October 30, 2026. The Parties do not presently seek modification of the default discovery limits under the Federal Rules. The Parties agree that a protective order governing confidential materials may be appropriate and will meet and confer regarding appropriate terms after initial discovery requests are served. The Parties do not presently contemplate the need for expert discovery.

**(i)      Electronically Stored Information.**

The Parties believe the necessity and terms of an ESI Protocol are best determined after discovery requests are served and their scope is understood. Should an ESI Protocol be necessary, the Parties will meet and confer and submit an agreed protocol for the Court's approval.

**(j)      Privilege and Fed. R. Evid. 502.**

The Parties agree to meet and confer regarding appropriate privilege log protocols after discovery requests are served, including whether to seek a court order under Federal Rule of Evidence 502.

**(k)      Expert Witness Reports and Depositions.**

The Parties do not currently anticipate the need for expert testimony. The Parties retain the

option to call experts if necessary, in accordance with the schedule outlined above.

**(l)      Class Action.**

Not applicable.

**(m)     Bifurcation.**

The Parties do not seek bifurcation of discovery or trial.

**(n)     Pretrial Conference.**

The Parties propose that the pretrial conference be scheduled on a date to be set by the Court

following disposition of dispositive motions.

**(o)      Trial Date.**

The Parties propose that the trial date be set at the pretrial conference. Plaintiff requests a jury

trial.

**(p)      Other Matters.**

None currently identified.

Dated: June 8, 2026

| | |
|---|---|
| Respectfully submitted,<br><br>**JAMES H. BARTOLOMEI, III P.A.**<br><br>By: */s/ James Bartolomei*<br>James H. Bartolomei III, Esq.<br>D.D.C. Bar No. AR0007<br>*Of Counsel,* Duncan Firm, P.A.<br>809 W. 3rd Street<br>Little Rock, Arkansas 72201<br>(501) 228-7600 phone<br>(501) 228-0415 fax<br>james@duncanfirm.com<br><br>*Attorneys for Plaintiff Lindsay Olson* | **KAISER PLLC**<br><br>By: /s/ Zachary N. Adorno<br>Zachary N. Adorno (D.C. Bar No. 1048777)<br>Jonathan Jeffress (D.C. Bar No. 479074)<br>1099 14th Street NW<br>8th Floor West<br>Washington, DC 20005<br>Phone: (202) 869-1300<br>Fax: (202) 280-1034<br>Jjeffress@kaiserlaw.com<br>zadorno@kaiserlaw.com<br><br>*Attorneys for Defendants Law Offices of*<br>*Kira Anne West and Kira Anne West* |

8

|  | **HUGHES, HUBBARD, AND REED, LLP**<br><br>By: */s/ Jeremy W. Schulman*<br>Jeremy W. Schulman<br>(D.C. Bar No. 481755)<br>Jeffrey S. Gavenman<br>(D.C. Bar No. 1004429)<br>Koushik Bhattacharya<br>(D.C. Bar No. 1006901)<br>Mark P. Nobile<br>(D.C. Bar No. 1780761)<br>1775 I Street, N.W.<br>Washington, D.C. 20006-2401<br>Phone: 202-721-4600<br>Fax: 202-721-4646<br>jeremy.schulman@hugheshubbard.com<br>jeffrey.gavenman@hugheshubbard.com<br>koushik.bhattacharya@hugheshubbard.com<br>mark.nobile@hugheshubbard.com<br><br>*Counsel for Defendants Brand Woodward Law, L.P., and Stanley E. Woodward, Jr.*<br><br>**ECCLESTON & WOLF, P.C.**<br><br>By: */s/ Laura M.K. Hassler*<br>Laura M.K. Hassler (DC Bar #988969)<br>Erin A. Isaac (DC Bar #1781817)<br>1629 K Street, N.W., Suite 260<br>Washington, D.C. 20006<br>(202) 857-1696 (Tel)<br>hassler@ewdc.com<br>isaac@ewd.com<br><br>*Attorneys for Defendants Law Offices of Paul Garrity and Paul J. Garrity* |

9

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the date set forth above, a copy of the foregoing was served

upon all counsel of record via the Court's ECF system on June 8, 2026.


By: */s/ James H. Bartolomei III*
James H. Bartolomei III