**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDSAY OLSON,<br><br>*Plaintiff,*<br><br>v.<br><br>LAW OFFICES OF KIRA ANNE WEST and<br>KIRA ANNE WEST,<br><br>*Defendants.* | Case No. 1:25-cv-03840 (BAH)<br>(lead case) |
| LINDSAY OLSON,<br><br>*Plaintiff,*<br><br>v.<br><br>BRAND WOODWARD LAW, L.P., and<br>STANLEY E. WOODWARD, JR.,<br><br>*Defendants.* | Case No. 1:25-cv-03875 (BAH) |
| LINDSAY OLSON,<br><br>*Plaintiff,*<br><br>v.<br><br>LAW OFFICES OF PAUL GARRITY and<br>PAUL J. GARRITY,<br><br>*Defendants.* | Case No. 1:25-cv-04231 (BAH) |

**DEFENDANTS BRAND WOODWARD LAW, L.P. AND STANLEY E. WOODWARD,
JR.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Brand Woodward Law, L.P. and Stanley E. Woodward, Jr., (together, "Defendants"), by and through undersigned counsel, answer Plaintiff Lindsay Olson's Complaint as follows. Except where expressly admitted, Defendants deny each allegation in the Complaint.

285592013_1

## I.    INTRODUCTION

1.    Denied.

2.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's authorship of the Report at issue in the Complaint. This allegation is therefore denied.

3.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Plaintiff is the sole copyright and author of the report. This allegation is therefore denied.

4.    Defendants admit that Defendants represented Federico Guillermo Klein in a criminal matter in which he was convicted. Defendants deny any remaining allegations in this Paragraph on the basis that they are argumentative and immaterial.

5.    Defendants admit that Plaintiff's complaint involves the claims stated in this Paragraph. Defendants deny the remainder of this Paragraph on the basis that it states a legal argument

6.    Defendants admit that Defendants attached as an exhibit to a motion the Report referenced in this Paragraph. Defendants deny the remainder of this Paragraph on the basis that it states a legal argument.

## II.    PARTIES

7.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's citizenship and sole proprietorship. This allegation is therefore denied.

8.    Admitted.

9.    Admitted.

285592013_1

10.     Defendants admit that Defendants made filings as counsel to Mr. Klein. Defendants deny the remainder of this Paragraph on the basis that it states for a legal argument.

### III.     JURISDICTION AND VENUE

11.     Defendants admit that the Complaint purports to bring claims under the Copyright Act, 17 U.S.C. §§ 101 et seq. Defendants deny that Plaintiff is entitled to relief based upon the allegations in the Complaint.

12.     Defendants admit that the Court has subject-matter jurisdiction over the claims alleged in the Complaint. Defendants deny that Plaintiff is entitled to relief based upon the allegations in the Complaint.

13.     This Paragraph states a legal argument to which no response is required. To the extent a response is required, denied.

14.     Defendants admit that this Court has the proper personal jurisdiction over Defendants and that venue is proper because Defendants are found in the District of Columbia. Defendants deny the allegation that Defendants harmed Plaintiff.

15.     Defendants admit that the Court has personal jurisdiction over Defendants. Defendnats deny that Defendants received a benefit from Plaintiff.

### IV.     FACTUAL ALLEGATIONS

16.     Admitted.

17.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations concerning when Plaintiff completed the Report. This allegation is therefore denied.

18.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

285592013_1

19.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiffs charged other lawyers, what the alleged charge was meant to secure for the other lawyers, and whether or not other lawyers obtained license to use the Report. This allegation is therefore denied.

20.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

21.     Defendants deny the allegation that that the Report does not include, "specific reference or focus on the Oath Keepers J6 defendants[.]" Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's intent for creating the Report. Defendants therefore deny the remainder of this allegation.

22.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff independently created the Report as sole author. This allegation is therefore denied.

23.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

24.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

25.     Defendants admit that the Report was filed publicly on dockets 1:22-cr-00015-APM and 1:21-cr-00028 with Plaintiff's authorization. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegation of what other attorneys paid for the Report. Defendants therefore deny the remainder of this allegation.

26.   Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegation as to what assignments or sublicensing agreement were granted to other lawyers. This allegation is therefore denied.

27.   This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

28.   Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegation as to what licensing options were available to lawyers and what such licensing's market value was. This allegation is therefore denied.

29.   This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

30.   Defendants admit that they downloaded a copy of the publicly available Report from PACER prior to including it as an exhibit to a motion in June 2022. Defendants otherwise deny this allegation.

31.   Defendants admit that they included the publicly available Report as an exhibit to a motion on June 3, 2022. Defendants otherwise deny this allegation.

32.   Defendants admit that they included the publicly available Report as an exhibit to a motion on June 3, 2022. Defendants otherwise deny this allegation.

33.   This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

34.   This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

35.   Defendants admit that they downloaded the Report from PACER without interacting with Plaintiff. Defendants otherwise deny this allegation.

285592013_1

36.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

37.     Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's alleged market. This allegation is therefore denied.

38.     Defendants lack knowledge or information sufficient to form a belief as to Report's alleged market. This allegation is therefore denied.

39.     Defendants lack knowledge or information sufficient to form a belief as to the Report's alleged market. This allegation is therefore denied.

40.     Defendants lack knowledge or information sufficient to form a belief as to the Report's alleged market. This allegation is therefore denied.

41.     Denied.

42.     Denied.

43.     Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff views as proper authorization for use of the Report. This allegation is therefore denied.

44.     Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's alleged authorship, originality, analyses, visualizations, written commentary, and whether it is sufficiently copyrightable. This allegation is therefore denied.

45.     Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's alleged time and effort relating to the Report. This allegation is therefore denied.

46.     Defendants deny that Plaintiff must be paid for the publicly available Report to be used in Court proceedings. Defendants otherwise lack knowledge or information sufficient to form a belief as to what Plaintiff views as proper authorization for use of the Report. This allegation is therefore denied.

285592013_1

47.      Defendants admit that the Report relates to criminal cases relating to January 6, 2021, and the District of Columbia as a venue for those cases. Defendants otherwise deny this allegation.

48.      Denied.

49.      Defendants admit that they used the Report as part of the legal representation of Federico Guillermo Klein. Defendants deny they were enriched by use of the Report.

50.      Admitted.

51.      Denied.

52.      Denied.

53.      Defendants lack knowledge or information sufficient to form a belief as to when Plaintiff became aware of Defendants' filing or the circumstances of her alleged discovery. This allegation is therefore denied. Defendants affirmatively allege that Plaintiff knew or, with reasonable diligence, should have known of the alleged use more than three years before filing this action.

54.      Defendants lack knowledge or information sufficient to form a belief as to when Plaintiff became aware of Defendants' filing or the circumstances of her alleged discovery. This allegation is therefore denied. Defendants affirmatively allege that Plaintiff knew or, with reasonable diligence, should have known of the alleged use more than three years before filing this action.

55.      Defendants admit that Docket Entry 309 speaks for itself. Defendants deny that the docket entry made the filing unreasonably difficult to discover, deny that Plaintiff exercised reasonable diligence, and deny any remaining allegations.

285592013_1

56.	This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

57.	This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

58.	Defendants lack knowledge or information sufficient to form a belief as to when Plaintiff became aware of Defendants' filing or the circumstances of her alleged discovery. This allegation is therefore denied. Defendants explicitly deny that they exploited the Report, that their use of the Report infringes on Plaintiff's copyright, and that they are without applicable defenses.

59.	Defendants admit that they included the Report on PACER as part of their representation of Federico Guillermo Klein. Defendants deny that the filing was infringing, unauthorized in any legally material sense, actionable, or compensable, and deny any remaining allegations.

60.	This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

61.	This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

62.	Defendants admit that Plaintiff sent Defendants the correspondences alleged in the Complaint. Defendants deny the contentions of the letter's contents.

63.	Admitted.

64.	This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that judicial notice is relevant to this Court's consideration of Plaintiff's Complaint.

285592013_1

65.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, the contents of Federal Rule of Evidence 201 and the cited case speak for themselves.

66.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

67.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

68.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that they could have referenced the publicly available Report through judicial notice.

69.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

70.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Plaintiff is limited to actual damages.

71.    Defendants admit that they filed the Report in support of a motion. Defendants deny the contention that this was an infringing use of the Report.

72.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that they intend to assert fair use. Defendants deny that they exploited the Report.

73.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

74.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

9

75. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

76. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

77. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

78. Denied.

79. Denied.

## V.    CAUSES OF ACTION

80. Defendants incorporate by reference their responses to Paragraphs 1 through 79 as if fully set forth herein.

81. Defendants lack knowledge or information sufficient to form a belief as to the validity, ownership, scope, and enforceability of Plaintiff's alleged copyright registration, and therefore deny the allegations. Defendants deny that Plaintiff is entitled to relief.

82. Defendants lack knowledge or information sufficient to form a belief as to accuracy of Plaintiff's alleged copyright registration, and therefore deny the allegations.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

285592013_1

90.   Denied.

## VI.   JURY TRIAL DEMANDED

91.   Defendants admit that Plaintiff has demanded a jury trial. Defendants reserve all rights concerning trial by jury.

## VII.   RELIEF REQUESTED

92.   Defendants deny that Plaintiff is entitled to any of the relief she has requested.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

**FIRST DEFENSE: Statute of Limitations Under the Injury Rule**

Plaintiff's claim is barred in its entirety should the Court apply the injury rule to calculate Plaintiff's statute of limitations. Plaintiff filed her Complaint on November 26, 2025, while Plaintiff alleged infringing use that occurred on June 3, 2022. Under the injury rule, the three-year statute of limitation will have run before Plaintiff filed her Complaint.

**SECOND DEFENSE: Statute of Limitations Under the Discovery Rule**

Plaintiff's claim is barred in its entirety should the Court apply the Discovery Rule to calculate Plaintiff's statute of limitations. Plaintiff's alleged inability to locate the filing sooner resulted from her own lack of diligence, not concealment by Defendants. The relevant filings were publicly available on PACER, in a known limited market of specific criminal proceedings in Washington D.C., occurred in the same district, and concerning the same venue-transfer purpose for which Plaintiff alleges the Report was created.

**THIRD DEFENSE: Fair Use**

Defendants' use of the Report constitutes fair use under 17 U.S.C. § 107. The use occurred in a judicial proceeding, in connection with advocacy for a criminal defendant's motion to transfer venue, and served a litigation function rather than a market-substitution function. The Report

11

285592013_1

concerned factual, empirical, methodological, and litigation-related matters. To the extent the Report was used in whole or in part, that use was reasonable in the context of presenting the Report to the Court for evaluation of its methodology, data, assumptions, and conclusions. The use did not cause cognizable market harm because Plaintiff alleges that Defendants could have referenced the Report, noted its existence, and summarized its findings without paying Plaintiff.

**FOURTH DEFENSE: Public Judicial Records and Right-of-Access Considerations**

Plaintiff admits that the Report was filed in its entirety with her knowledge on two public dockets prior to Defendants alleged infringing use. While Defendants do not contend that public filing on PACER extinguish any copyright, the Report's status as a public judicial record is relevant to fair use, lack of market harm, lack of damages, and Plaintiff's inquiry notice.

**FIFTH DEFENSE: No Actual Damages**

Plaintiff concedes that she is limited to actual damages in this action against Defendants. Plaintiff cannot establish any economic injury caused by Defendants' alleged use of the Report. Plaintiff's own allegations establish that Defendants could have achieved the same litigation purpose by referencing the Report, noting its existence, and summarizing its findings. Any incremental value associated with filing the Report rather than referencing or summarizing it is nonexistent.

**SIXTH DEFENSE: Judicial Use**

Plaintiff seeks to impose liability and/or injunctive restrictions based on Defendants' use of materials in advocacy before a federal court on behalf of a criminal defendant. Judicial proceedings were recognized by Congress as a situation to which the Copyright Act likely does not apply.

285592013_1

**SEVENTH DEFENSE: No Profits Attributable to Use**

To the extent Plaintiff seeks disgorgement of profits attributable to Defendants' use of the Report, Plaintiff has not alleged the existence of such profits. Further, such profits do not exist.

**EIGHTH DEFENSE: Nominal Harm**

Should the Court find Defendants to have violated the Copyright Act by including the Report as an exhibit, such use was of a de minimis economic effect and resulted in no compensable injury.

**NINTH DEFENSE: Litigation Privilege**

Plaintiff's claims are barred or limited by privilege, immunity, and public-policy principles applicable to litigation conduct, court filings, and advocacy in criminal proceedings. Defendants' challenged conduct occurred in the course of representing a criminal defendant and presenting arguments to a federal court.

**TENTH DEFENSE: Failure to Mitigate**

Plaintiff's recovery, if any, is barred or reduced because Plaintiff failed to mitigate any alleged damages. Plaintiff knew or should have known that the Report had been publicly filed and allegedly relevant to a finite set of January 6 cases, yet failed to take reasonable steps to monitor, notify, restrict, watermark, seek sealing, or otherwise address alleged downstream uses in a timely manner.

**ELEVENTH DEFENSE: Laches**

Plaintiff authorized the Report in its entirety to be publicly filed on two criminal dockets, and has alleged that she knew the Report was only available for a limited period of time to a finite market. Plaintiff delayed in raising claims against the non-authorized parties.

285592013_1

**TWELFTH DEFENSE: No Secondary Liability**

Plaintiff has asserted secondary liability in the Complaint. In opposing Defendant's motion to dismiss the complaint, Plaintiff has conceded she is not pursuing this case under a theory of secondary liability.

**THIRTEENTH DEFENSE: No Continuing Harm**

Plaintiff asserts that continuing harm exists because the Report remains on PACER in Mr. Klein's case. However, one alleged breach of copyright does not establish continuing harm that would toll the statute of limitations or entitle Plaintiff to additional damages.

**FOURTEENTH DEFENSE: No Punitive Damages**

Plaintiff is not entitled to punitive damages. Punitive damages are not available for the Copyright Act claim asserted, and Plaintiff has not pleaded any independent claim that would support punitive damages. Further, Plaintiff has failed to allege that Defendants engaged in willful conduct.

**RESERVATION OF ADDITIONAL DEFENSES:**

Defendants reserve the right to assert any and all defenses not raised herein, especially those which become necessary after the exchange of discovery. Defendants do not waive any defense by not specifically identifying it herein.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff as follows:

I.     Dismissing the Complaint with Prejudice;

II.     Denying Plaintiff all requested relief;

III.     Awarding Defendants their costs and, to the extent permitted by law, attorneys' fees;

285592013_1

IV.    Granting any other relief that the Court deems just and proper.


Dated: June 8, 2026                    Respectfully submitted,

                    **HUGHES HUBBARD & REED**

          By:    /s/ Jeremy W. Schulman
                    Jeremy W. Schulman (D.C. Bar No. 481755)
                    Jeffrey S. Gavenman (D.C. Bar No. 1004429)
                    Koushik Bhattacharya (D.C. Bar No. 1006901)
                    Mark P. Nobile (D.C. Bar No. 1780761)
                    1775 I Street, N.W.
                    Washington, D.C. 20006-2401
                    Phone: 202-721-4600
                    Fax: 202-721-4646
                    jeremy.schulman@hugheshubbard.com
                    jeffrey.gavenman@hugheshubbard.com
                    koushik.bhattacharya@hugheshubbard.com
                    mark.nobile@hugheshubbard.com

                    *Counsel for Defendants Brand Woodward Law,*
                    *L.P., and Stanley E. Woodward, Jr.*

15

285592013_1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on Monday, June 8, 2026, a true and correct copy of the foregoing Answer to the Complaint was served upon all counsel of record via the Court's CM/ECF system.

/s/ Jeremy W. Schulman
Jeremy W. Schulman

285592013_1